IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No. 03-cv-00281-WDM-MJW**

OLOYEA D. WALLIN,

Plaintiff,

v.

MR. ALFARO, et al.,

Defendants.

---

**ORDERS REGARDING PLAINTIFF'S**
**MOTION FOR APPOINTMENT OF EXPERT WITNESS (Docket No. 283),**
**MOTION FOR THE APPOINTMENT OF COUNSEL (Docket No. 284), and**
**MOTION T[O] COMPELL [sic] DISCOVERY REQUEST FORM [sic] DEFENDANT**
**ALFARO, BURK, R. SATTERLY, GANSEMER, AND MILLER (Docket No. 285)**

---

**ENTERED BY MAGISTRATE JUDGE MICHAEL J. WATANABE**

Before the court are three motions filed by the plaintiff on October 11, 2005,

namely, Plaintiff's Motion for Appointment of Expert Witness (Docket No. 283),

Motion for the Appointment of Counsel (Docket No. 284), and Motion T[o] Compell [Sic]

Discovery Request Form [Sic] Defendant Alfaro, Burk, R. Satterly, Gansemer, and

Miller (Docket No. 285).

With regard to the first motion requesting the appointment of an expert witness,

the plaintiff has not shown that he has even attempted to retain his own expert or that

such expert (in the field of "Prison Policy and Procedures, Prisoner Rights, and ACA")

is essential to his claim.  Plaintiff merely states that such an expert would be

"beneficial."  Furthermore, the plaintiff does not set forth the statutory or regulatory

2

basis for his request for appointment of an expert.

In any event, assuming plaintiff is seeking appointment of an expert under

Fed. R. Evid. 706, a court's authority to make such an appointment is discretionary.

Cestnik v. Federal Bureau of Prisons, 2003 WL 22969354, *2 (10th Cir. Dec. 18,

2003).  Plaintiff was granted leave to proceed with this matter pursuant to 28 U.S.C.

§ 1915, and even assuming he is seeking appointment of an expert pursuant to that

provision, this court agrees with the following reasoning expressed by District Judge

Phillip S. Figa in another prisoner case, Hill v. Smithkline Beecham, Civil Action No.

02-F-1613 (MJW):

> . . . Nor is this Court required, or even permitted, under 28 U.S.C. §
> 1915 to enable an indigent plaintiff such as plaintiff here to retain expert
> witnesses, through the appointment of counsel or otherwise.  An
> argument similar to that made by plaintiff here was rejected by the Fifth
> Circuit in *Pedraza v. Jones*, 71 F.3d 194 (5th Cir. 1995):
>
> > The Supreme Court has held that "expenditure of public
> > funds [on behalf of an indigent litigant] is proper only when
> > authorized by Congress." *United States v. MacCollom*, 426
> > U.;S. 317, 321 . . . (1976).  The plain language of section
> > 1915 does not provide for the appointment of expert
> > witnesses to aid an indigent litigant.
> >
> > In *Boring v. Kozakiewicz*, 833 F.2d 468 (3d Cir. 1987), *cert.
> > denied*, 485 U.S. 991 . . . (1988), the Third Circuit held that
> > section 1915 makes no provision for a district court to
> > either pay or waive fees for an expert witness.  *Id.* at 474
>
> *Pedraza*, *supra*, 71 F.3d at 196.
>
> Thus, the Fifth Circuit in *Pedraza* concluded, as does this Court,
> having no authority to appoint an expert witness at government
> expense, there is no error in refusing to appoint an expert witness to
> help plaintiff create a fact issue . . . .  *See also, Hooper v. Tulsa County
> Sheriff Department*, 113 F.3d 1246 (table) 1997 WL 295424, *2 (10th Cir.

3

1997).  (Section 1915(a) does not authorize the federal courts to waive or order payment of witness fees for a civil litigant proceeding *in forma pauperis*.)

Hill v. Smithkline Beecham, Civil Action No. 02-F-1613 (MJW) (Order filed Feb. 9, 2004, at 12-13).  See Brown v. United States of America, 74 Fed.Appx. 611 (7th Cir. 2003) (a civil litigant does not have a right "to compel the government to bear the cost of and responsibility for hiring an expert witness to testify on his behalf in order to establish a fundamental element of his case."), cert. denied, 540 U.S. 1132 (2004).

Furthermore, this case is not very complex, see Cestnik v. Federal Bureau of Prisons, 2003 WL 22969354 (10th Cir. Dec. 18, 2003) ("Given the lack of complexity of [plaintiff's] case and his failure to submit any evidence that he was financially unable to retain his own physician, we cannot say the refusal to appoint an expert constituted abuse of discretion."), and plaintiff has not presented compelling circumstances to warrant appointment of an expert at government expense.

In addition, as found by the court in Pabon v. Goord, 2001 WL 856601 (S.D.N.Y. July 30, 2001), appointment of an expert to a prisoner "should be taken sparingly, particularly given the large volume of cases . . . and the substantial expense that defendants may have to bear if the Court does appoint an expert."  Id. at **2.

Based upon the findings above, plaintiff's motion for appointment of an expert witness is denied.

With regard to the plaintiff's Motion for Appointment of Counsel (Docket No. 284), appointment of counsel for an indigent inmate under 28 U.S.C. § 1915(d) is within

4

the sound discretion of the court.  See Bee v. Utah State Prison, 823 F.2d 397, 399

(10th Cir. 1987).  When deciding whether to appoint counsel "the district court should

consider a variety of factors, including the merits of the litigant's claims, the nature of

the factual issues raised in the claims, the litigant's ability to present his claims, and the

complexity of the legal issues raised by the claims."  Long v. Shillinger, 927 F.2d 525,

527 (10th Cir. 1991).

     Upon review of the above factors and the court file, the court finds that

appointment of TRIAL counsel would be appropriate in this case and shall direct the

Clerk of the Court to make a good faith effort to try to secure pro bono TRIAL counsel

for the plaintiff.  **The court forewarns plaintiff that it is frequently very difficult for

the court to obtain pro bono counsel for litigants.  Consequently, this case shall

proceed in its ordinary course, with plaintiff continuing to act pro se, until such

time as the court is able to secure counsel.**

     With regard to the plaintiff's Motion to Compel (Docket No. 285), plaintiff

indicates therein that he "submitted an Amended Production of Documents Request to

the defendants on October 3, 2005."  Assuming that is true, the plaintiff's motion to

compel is premature because the defendants' time to respond to the plaintiff's

discovery demand has not expired.  Furthermore, plaintiff states in his motion that he

has attached a copy of the Production of Documents Requests, but there is no such

attachment to his motion.

     **WHEREFORE,** for the foregoing reasons, it is hereby

     **ORDERED** that the plaintiff's Motion for Appointment of Expert Witness, which

5

was filed on October 11, 2005 **(Docket No. 283)**, is **denied**.  It is further

ORDERED that the plaintiff's Motion for Appointment of Counsel, which was filed

on October 11, 2005 **(Docket No. 284)**, is **granted to the extent that the Clerk of the**

**Court is directed to make a good faith effort to try to secure pro bono TRIAL**

**counsel for the plaintiff.**  It is further

ORDERED that the plaintiff's Motion T[o] Compell [Sic] Discovery Request Form

[Sic] Defendant Alfaro, Burk, R. Satterly, Gansemer, and Miller **(Docket No. 285)**,

which was filed on October 11, 2005, is **denied without prejudice**.


Date:  October 12, 2005                    s/Michael J. Watanabe
          Denver, Colorado                    Michael J. Watanabe
                                                          United States Magistrate Judge