IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No.   03-cv-00281-WDM-MJW

OLOYEA D. WALLIN,

    Plaintiff(s),

v.

MR. ALFARO, et al.,

    Defendant(s).

_____

**ORDER**
_____

This matter is before me the Plaintiff's Petition for Writ of Habeas Corpus Ad Testificandum.  Plaintiff is in custody at the Arkansas Valley Correctional Facility.  He seeks to be brought to Denver to participate in the trial of this matter, scheduled to commence July 24, 2006.  His reasons are that it would be best that he testify in person in order that the jury can best observe him when determining credibility and, at the time of his petition, he was proceeding *pro se* and management of the case on a long distance basis would be very difficult.  Since counsel has now entered his appearance for plaintiff, this second factor is no longer a concern.

After full consideration of this matter I conclude that the petition should be denied.  A prisoner does not have the absolute right to be present at his civil trial.  *See Price v. Johnston*, 334, U.S. 266, 285-86 (1988).  In deciding whether to grant a writ or not I should consider the plaintiff's need to be present against the concerns of expense,

security and logistics in moving the prisoner.  *See Muhammad v. Warden*, *Baltimore City Jail*, 849 F.2d 107, 111-12 (4th Cir. 1988).

This court has experience with trials involving both parties and witnesses appearing by video conference.  In my judgment, video conferencing is an acceptable alternative to incurring the expense and security risks involved in transporting and holding a prisoner in custody during the duration of trial.  Particularly in a relatively simple, straightforward case concerning alleged conversion of a limited amount of personal property, the risk, expense and logistical concerns of transporting and securing the plaintiff outweigh what may otherwise be the preferred alternative of physical presence when the alternative of video conferencing is available.

Accordingly, petition for the writ is denied and the Clerk of this Court shall make all necessary arrangements for the plaintiff's participation by video conferencing during trial of this matter.

DATED at Denver, Colorado, on July 10, 2006

BY THE COURT:


s/ Walker D. Miller  
United States District Judge

PDF FINAL

PDF FINAL